Warner, J.
The plaintiff seeks to perpetually enjoin an assessment on her lot to cover a portion of the cost of constructing a sewer opposite her premises. She owns a lot on the comer of Park and Wayne avenues in said village, abutting 225 feet on each, and so impr'oVed as to frbnt, und.br the former rul'e* tín Phrk 'aVehilé. *47 The assessment is fifty cents a foot on the entire 450 abutting feet.
The defendant has adopted in due form a system of sanitary sewers, and has assessed all abutting lots at the same rate. 'Is such assessment as to corner lots a valid and legal exercise of the powers granted by the municipal code?
Previous to the adoption of the municipal code, Section 2383, Revised Statutes, permitted council to discriminate in favor of corner lots by exempting so much of the frontage as to it might seem equitable in sewer eases.
The Supreme Court in the Haviland ease, before the municipal code was adopted, limited the assessment on corner lots on the side thereof, to the number of feet of its real front as defined in that ease. Said Section 2383, Revised Statutes, was repealed in connection with the adoption of the municipal code, and no corresponding provision was placed therein.
The rule in the Haviland case-has been abrogated by the Supreme Court very recently in the ease of The Village of Oakwood v. Stocklein, reported in the 81 O. S., p. 332, in which case it is held that “the entire frontage abutting on the improvement is now, by the clear terms of the statute, the subject of assessment.”
The change in the statute that brought about this decision of the Supreme Court was the substitution of the word “frontage” in Section 50 of the municipal code for the word “front” in Section 2264, Revised Statutes.
The refusal of the General Assembly to re-enact said Section 2383, Revised Statutes, in the municipal code; the inclusion of sewer improvements in Section 50 of said code, and the abrogation of the rule in the Haviland case, remit a party in a sewer assessment matter to the provisions of Section 53 of said code-as the only source of relief, where the proceedings are regular and in due form of law as in the case at bar.
Said Section 53 declares that:
“In all cases of assessments the council shall limit the same to the special benefits conferred upon the property assessed, * # * pr'dvi’ded, th'at the assessments levied for the con- ■ *48 struction of main sewers shall not exceed the sum that would in the opinion of council be required to construct an ordinary street sewer or drain of sufficient capacity to drain or sewer the lots or lands to be assessed for such improvement, nor shall any lots or lands be assessed that do not need local drainage, or which are provided therewith.”
It is not, and can not be contended, that the lot of plaintiff does not “need local drainage.” It is claimed that said lot is provided with local drainage by reason of the fact that it can be, or has been, connected with the sewer on Park avenue. This claim can not be sustained. The sewers on both avenues were part of one system and constructed at the same time, and the plaintiff by merely selecting the sewer on one avenue as the one with which connection would be made, or by connecting with either one in fact, is not within the meaning of this section, “provided” with local drainage, because the rights and liabilities of the owners of property abutting on an improvement must be determined upon the law and facts as .they exist at the time the ordinance to improve is passed. Cincinnati v. Seasongood, 46 O. S., 296.
Whether or not the sewer on either of these streets is a main sewer does not appear, but if either is of that character, the court is unable to say that the council in limiting the assessment to fifty cents a foot exceeded what would “be required to construct an ordinary street sewer or drain of sufficient capacity to drain or sewer” said lot. The assessment of course must not exceed the “special benefits conferred upon the property assessed.” Is the assessment of $225 upon this lot in excess of such benefits? I think not. The lot is a large one, and susceptible of division and improvement on both avenues, and if said amount had been assessed on one avenue instead of both it would not have been excessive, or beyond the special benefits to said lot.
The petition must be dismissed at costs of plaintiff.